# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                    :        Case No. 3:02-cr-005
                                                   also 3:07-cv-249

                                                 District Judge Walter Herbert Rice
      -vs-                                     Chief Magistrate Judge Michael R. Merz
                                             :

ROBERT A. STONEROCK,

        Defendant.

## REPORT AND RECOMMENDATIONS

       This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. Nos. 179, 191).[1]

       The § 2255 Motion was filed July 18, 2007. Although the Motion still does not conform to the Rules Governing § 2255 Motions, the Court assumes Defendant will correct the formal deficiencies and thus the Court can proceed to initial consideration under Rule 4.

       Upon examination of the docket, the Magistrate Judge finds that a Notice of Appeal to the Sixth Circuit was filed May 24, 2007, and that court has assigned the appeal Case No. 07-3739. No decision has yet been rendered by the Court of Appeals on whatever claims Mr. Stonerock intends to raise.

       Persons convicted of federal crimes have a right to appeal to the appropriate circuit court of

---

[1]The Motion to Vacate has still not been properly filed. The Court ordered that the original Motion, filed July 18, 2007, be replaced with an amended motion to conform to the Rules Governing § 2255 Motions not later than August 15, 2007. When the Amended Motion was filed, it still did not conform to the Rules in that it was not signed under penalty of perjury, and the Court ordered it to again be amended.

appeals and to seek review in the United States Supreme Court. Considering the efficiency of having all issues dealt with in one proceeding, the federal courts have encouraged use of direct review to the fullest possible extent. Yackle, POSTCONVICTION REMEDIES, §108 (1981). A motion to vacate under §2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, §2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 5th, §41.7(e)(2005), *citing, Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981), citing *Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993). In the absence of extraordinary circumstances, a district court is precluded from considering a §2255 application for relief during the pendency of a direct appeal. *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. 1998), citing *United States v. Gordon*, 634 F.2d 638 (1st Cir. 1980).

In sum, this Court cannot act on the § 2255 Motion while the appeal is pending. Decision on the appeal will likely take a year or more. That decision may render the instant Motion moot, either because the Court of Appeals decides some issue raised in the § 2255 Motion or because it grants relief on some other ground. Defendant achieves no benefit from having the Motion pending while the appeal is pending and suffers no prejudice from its dismissal now without prejudice because the statute of limitations for filing a § 2255 motion does not begin to run until direct appeal is complete.

Accordingly, it is respectfully recommended that this § 2255 proceeding be dismissed without prejudice to its renewal after completion of appellate proceedings.

August 31, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).