# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case Nos. 3:02cr0005 |
| | | 3:11cv217 |
| vs. | : | |
| ROBERT A. STONEROCK, | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Robert A. Stonerock's Motion to Vacate, Set Aside or Correct Sentence (Doc. # 244) is presently before the Court along with his Motion to Proceed In Forma Pauperis (Doc. # 245), Motion For Appointment of Counsel (Doc. # 246), Motion for Production of Documents (Doc. # 247), and Motion for Evidentiary Hearing (Doc. #248).

Stonerock's §2255 Motion triggers initial consideration under Rule 4 of the Rules Governing §2255 Motions. Rule 4 mandates that upon initial review of the §2255 Motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk of court to notify the moving party...."

Stonerock claims in his §2255 Motion that his rights under various provisions of the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

United States Constitution were violated as it relates to his sentence and counsel's representation. (Doc. # 244).

Stonerock pled guilty of conspiring to possess with intent to distribute and to distribute over 1000 kilograms of marijuana in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846. He was subsequently sentenced to 121 months imprisonment. Thereafter, Stonerock filed his notice of appeal. On January 20, 2010, the Sixth Circuit Court of Appeals affirmed in part and remanded in part for a determination whether the two-point enhancement under U.S.S.G. § 2D1 is contrary to the plea agreement. (Doc. # 220).

On June 30, 2010, Stonerock filed a petition for writ of certiorari in the United States Supreme Court. (Doc. # 234). On October 8, 2010 the United States Supreme Court denied the petition. (Doc. # 241). Stonerock has yet to be re-sentenced upon the Sixth Circuit remand.

For the reasons stated below, an Order dismissing of Stonerock's Motion to Vacate Sentence is warranted. Such dismissal should be without prejudice to his right to re-file it (which should not be considered a second or successive motion pursuant to 28 U.S.C. § 2255) once his sentencing and any possible appeal has become final.

The court in *Capaldi v. Pontesso*, 135 F. 3d 1122 (6th Cir. 1998), recognized that under §2255 a prisoner may challenge his sentence for violating his rights under the Constitution or laws of the United States, but the District Court is precluded from considering a §2255 Motion during the pendency of a direct appeal unless extraordinary circumstances exist. *Id.* at 1123-24, (citing *United States v. Gordon*, 634 F. 2d 638 (1st Cir.1980)). *See also*: *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995) (absent "extraordinary

2

circumstances," District Courts should decline to hear habeas claims while direct appeal is pending); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970), *cert. denied*, 402 U.S. 933, 28 L. Ed. 2d 867, 91 S. Ct. 1530 (1971); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993); *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001); *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968).

The rule is designed to ensure the orderly administration of justice and preserve judicial economy. *See* Federal Rules Governing § 2255 Proceedings Rule 5 advisory committee's note. *See also* 3 Charles A. Wright, Federal Practice and Procedure, Criminal 2nd §597 at 483 (§2255 Motion "is not proper while an appeal from the conviction is pending since the disposition of the appeal may make the motion unnecessary"). After balancing the need for speedy relief against the need for orderly administration of judicial resources, no extraordinary circumstances are present which would require the Court to determine the issues presented in Stonerock's present §2255 Motion. Stonerock's claims all relate to his sentence and the effectiveness of his counsel's representation. Upon re-sentencing, the issues he now raises in his §2255 Motion may become moot. Alternatively, Stonerock may wish to pursue a direct appeal upon re-sentencing.

Accordingly, in light of the fact that Stonerock has not yet been re-sentenced, his §2255 Motion is premature and plainly does not entitle him to any present relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Stonerock's Motion to Vacate, Set Aside or Correct Sentence (Doc. # 244) be

       DENIED without prejudice to renewal upon completion of his re-sentencing and any direct appeals;

2. Stonerock's Motion for Evidentiary Hearing (Doc. # 248) be DENIED as moot;

3. Stonerock's Motion for Production of Documents (Doc. #247) be DENIED as moot;

4. Stonerock's Motion to Proceed In Forma Pauperis (Doc. # 245) be GRANTED;

5. Stonerock's Motion for Appointment of Counsel be GRANTED with regard to representation in the criminal proceeding; and,

6. Case Number 3:11cv00217 be terminated on the docket of this Court.

June 29, 2011

                                                                               s/ Sharon L. Ovington
                                                                               Sharon L. Ovington
                                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).